UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REESEIE NASH,                                                    REPORT
                              Plaintiff,                          and
                v.                                          RECOMMENDATION
                                                          ----------------------------
TERRY KING, of Grace House,                                  DECISION
T. DeGAL, Senior Parole Officer,                               and
P.O. HERNANDEA, New York State Division                        ORDER
 of Parole,
SAVING GRACE MINISTRIES, INC.,                            13-CV-00753A(F)
EARL HOWARD, and
DAVID BOOKER,

                              Defendants.
_____

APPEARANCES:          REESEIE NASH, *Pro Se*
                      07-B-3157
                      126A West Jasper Parrish Drive
                      Buffalo, New York  14207

                      ERIC T. SCHNEIDERMAN
                      New York Attorney General
                      Attorney for Defendant
                      STEPHANIE JOY CALHOUN
                      Assistant Attorney General, of Counsel
                      Main Place Tower
                      Suite 300A
                      350 Main Street
                      Buffalo, New York  14202

        This case was referred to the undersigned by Hon. Richard J. Arcara on July 18,

2014.  The matter is presently before the undersigned on Plaintiff's motions seeking

default judgment filed June 10, 2014 (Doc. No. 10), and July 7, 2014 (Doc. No. 13),

Defendants' motion for judgment on the pleadings and to strike filed July 10, 2014 (Doc.

No. 14), Plaintiff's motion to filed an amended complaint (Doc. No. 17), and Defendants'

motion to dismiss (Doc. No. 19).[1]

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, on July 22, 2013,

alleging a single violation of his civil rights while on parole, specifically, that defendants

had failed to protect Plaintiff from serious injury by another parolee living in the same

halfway house as Plaintiff.  On December 11, 2013, Plaintiff filed an amended complaint

(Doc. No. 3) ("Amended Complaint"), alleging two claims for violations of his civil rights

while on parole.  In particular, Plaintiff alleges that on July 3, 2013, while Plaintiff was

living in a halfway house run by Defendant Saving Grace Ministries Inc. ("SGM"),

Defendants and SGM employees Earl Howard ("Howard"), and David Booker ("Booker")

(together, "SGM Defendants"), filed to protect Plaintiff from an assault by another SGM

parolee who stabbed Plaintiff, resulting in pain and injuries requiring 248 stitches and

reconstructive surgery.  Amended Complaint, First Claim.  Plaintiff further asserts that

on May 8, 2013, Defendant Parole Officer Pedro Hernandez ("Hernandez"), failed to

properly inspect SGM, which would have alerted Hernandez that SGM was so

understaffed as to be a dangerous environment, and that such failure effectively

enabled the July 3, 2013 stabbing attack on Plaintiff.  Amended Complaint, Second

Claim.

On June 10, 2014, Plaintiff filed a motion seeking entry of default against

Defendant Howard (Doc. No. 10) ("Default Motion – Howard").  On July 7, 2014, Plaintiff

filed a motion seeking entry of default against Defendant Hernandez (Doc. No. 13)

---

[1] Although Plaintiff's motions seeking entry of default against Howard and Hernandez, as well as leave to file a further amended complaint are nondispositive, whereas the motions for judgment on the pleadings and to dismiss for failure to state a claim are dispositive, the court addresses all motions in this combined Report and Recommendation/Decision and Order in the interest of convenience and judicial economy.

("Default Motion – Hernandez").  On July 10, 2014, SGM Defendants filed a motion for

judgment on the Pleadings and to Strike (Doc. No. 14) ("SGM Defendants' Motion for

Judgment on the Pleadings").  On July 30, 2014, Plaintiff filed a Motion for Leave to File

Amended Complaint (Doc. No. 17) ("Motion to Amend") seeking to add as a defendant

one Alyssa M. Gross ("Gross"), and to assert against Hernandez not only that

Hernandez failed to properly inspect SGM to determine whether it was a safe

environment prior to arranging for Plaintiff to reside there while on parole, but also that

his placement at SGM was improper given that SGM is a Christian church based

organization while Plaintiff is Muslim.  On August 6, 2014, Defendant Hernandez filed a

motion to dismiss for failure to state a claim (Doc. No. 19) ("Defendant Hernandez's

Motion"), attaching Defendant Hernandez's Memorandum of Law in Support of Motion

to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) (Dkt. No. 3 & 17) & in

Opposition to Plaintiff's Motion to Amend His Complaint (Doc. No. 19-1) ("Defendant

Hernandez's Memorandum").  On August 27, 2014, Plaintiff filed a Reply/Answer

opposing Defendant Hernandez's Motion (Doc. No. 22) ("Plaintiff's Response").

Defendant Hernandez has not filed any reply in further support of his motion.  Oral

argument was deemed unnecessary.

On December 12, 2014, all parties to this action filed a stipulation (Doc. No. 24)

("Stipulation"), agreeing to the voluntary dismissal of the action as against the SGM

Defendants, as well as against Gross whom Plaintiff had sought in his Motion to Amend

to add as a defendant.  Accordingly, Plaintiff's Default Motion – Howard, and Motion to

Amend are, in accordance with the Stipulation, DISMISSED as moot.  With regard to

Plaintiff's Default Motion – Hernandez, it is indicated in an acknowledgment of service

filed June 17, 2014 (Doc. No. 11), that Hernandez's answer was due August 6, 2014.

Hernandez's Motion to Dismiss, however, was, as permitted by Fed.R.Civ.P. 12(a)(4),

filed August 6, 2014 in lieu of an answer.  Accordingly, Plaintiff's Default Motion –

Hernandez is also DISMISSED, as Hernandez's answer was not required pending the

instant motion to dismiss, as moot.  Further, in the Stipulation, Plaintiff agrees to dismiss

all claims he sought to assert against Gross whom Plaintiff sought to add as a

defendant.  As such, Plaintiff's Motion to Amend is also DISMISSED as moot insofar as

Plaintiff seeks to add Gross as a Defendant.

Plaintiff's Motion to Amend, however, in addition to realleging that Plaintiff failed

to properly inspect SGM regarding whether it would provide a safe environment for

Plaintiff, also seeks to assert against Defendant Hernandez additional allegations that

Hernandez, by arranging for Plaintiff's placement at SGM, violated Plaintiff's First

Amendment rights because Plaintiff is a Muslim and SGM is a Christian Church and

Plaintiff, while residing at SGM, was "pressured" to become Christian.  Proposed

Second Amended Complaint (Doc. No. 17-1), Fourth Claim.  As discussed in

connection with Defendant Hernandez's Motion to Dismiss, Discussion, *infra*, at 6-7,

Plaintiff's proposed amended claim as against Hernandez would be futile and, as such,

Plaintiff's Motion to Amend is DENIED.  *See Marcel Fashions Group, Inc. v. Lucky

Brand Dungarees, Inc.*, 779 F.3d 102, 110 (2d Cir. 2015) ("'Leave to amend may

properly be denied if the amendment would be futile.'" (quoting *Grullon v. City of New

Haven*, 720 F.3d 133, 140 (2d Cir. 2013))).

In support of his Motion to Dismiss, Hernandez argues that Plaintiff has failed to

allege the requisite personal involvement of Hernandez in the asserted Eighth

Amendment violation.  Defendant Hernandez's Memorandum at 6-7.  Hernandez further maintains that Plaintiff, as a parolee, remains under the supervision of New York State Department of Corrections and Community Supervision ("DOCCS"), and, as such, must comply with all restrictions placed upon Plaintiff's parole even if such restrictions result in a reduction of his civil rights.  *Id.* at 7-8. [2]  In opposition to Defendant Hernandez's Motion, Plaintiff essentially reiterates the assertions against Hernandez stated in the Amended Complaint, as well as in the Proposed Second Amended Complaint. Plaintiff's Response at 1-2.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible

---

[2] Defendant Hernandez does not seek dismissal of the Amended Complaint based on qualified immunity.

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Insofar as Plaintiff maintains Hernandez failed to protect Plaintiff by obtaining Plaintiff a residence at the SGM halfway house where Plaintiff was assaulted by another parolee, Plaintiff has failed to allege the requisite personal involvement by Hernandez in the attack. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). In particular, Plaintiff fails to allege that Hernandez was aware that any other parolee at the SGM halfway house posed a danger to Plaintiff. *See Brown v. Wood*, 86 Fed.Appx. 463, 464 (2d Cir. Feb. 3, 2004) (granting summary judgment to prison officials absent any evidence of deliberate indifference to plaintiff inmate's safety in returning plaintiff to general prison population where he was assaulted). Accordingly, Plaintiff has failed to allege Plaintiff was personally involved in any Eighth Amendment violation against Plaintiff.

With regard to Plaintiff's assertion that his placement at the SGM halfway house was inappropriate because Plaintiff is a Muslim and SGM is run by a Christian church, Federal courts have "consistently held that a parolee has no constitutionally protected interest in being free from special conditions of release." *Walker v. Mattingly*, 2012 WL 1160772, at *6 (W.D.N.Y. Apr. 5, 2012) (citing *Boddie v. Chung*, 2011 WL 1697965, at * 2 (E.D.N.Y. May 4, 2011) (rejecting § 1983 challenge to special conditions of parole); *Cooper v. Dennison*, 2011 WL 1118685, at * 11 (W.D.N.Y. Mar. 24, 2011) (quoting

*Pena v. Trais*, 2002 WL 31886175, at * 13 (S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not have a protected liberty interest in being free from special conditions.")).  Furthermore, "the Parole Board's discretionary imposition of special conditions is 'not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner.  Review of conditions of parole are generally matters for state courts.'"  *Walker*, 2012 WL 1160772, at * 6 (quoting *Pena*, 2002 WL 31886175, at 1 n. 2).  Accordingly, Plaintiff's assertions regarding the conditions of his parole fail to state a claim for which relief cannot be granted.

Defendant Hernandez's Motion should be GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default - Howard (Doc. No. 10) is DISMSSED as moot; Plaintiff's Motion for Default – Hernandez (Doc. No. 13), is DISMISSED as moot; SGM Defendant's Motion for Judgment on the Pleadings (Doc. No. 14), is DISMISSED as moot; Plaintiff's Motion to Amend (Doc. No. 17), is DISMISSED as moot in part and DENIED in part; and Defendant Hernandez's Motion to Dismiss (Doc. No. 19), should be GRANTED; the Clerk of the Court should be directed to close the file.

SO ORDERED as to Plaintiff's
motions for entry of default, for
leave to file an amended complaint,
and SGM Defendants' motion for
judgment on the pleadings.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendant Hernandez's
motion to dismiss,


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        March 30, 2015
                 Buffalo, New York

**Any appeal of this Decision and Order must be taken by**

**filing a notice of appeal within 14 days of the filing of**

**this Decision and Order pursuant to Fed.R.Civ.P. 72(a).**

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        March 30, 2015
                 Buffalo, New York